IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| United States of America, | ORDER DENYING DEFENDANT'S MOTION FOR ACQUITTAL AND MOTION FOR NEW TRIAL |
| Plaintiff, | |
| vs. | |
| | Case No. 8:25-cr-142 |
| Emarjai Walker, | |
| Defendant. | |

Before the Court is the Defendant's "Renewed Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial" filed on December 23, 2025. See Doc. No. 84. The Government filed a response in opposition to the motion on December 31, 2025. See Doc. No. 85. For the reasons explained below, the motions are denied.

I. **BACKGROUND**

Emarjai Walker was charged in a two-count indictment on March 27, 2025. See Doc. No. 1. Count One of the Indictment charged the Defendant with interference with commerce by robbery (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951(a). Count Two of the Indictment charged the Defendant with using, carrying, or discharging a firearm during and in relation to a violent crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Id.

Trial commenced on December 8, 2025, in Tampa, Florida. At the close of the Government's case, the Defendant moved for judgment of acquittal, which the Court denied. The jury returned its verdict on December 10, 2025. The jury found the Defendant guilty of both counts. The Defendant now renews his motion for acquittal and, in the alternative, moves for a new trial.

1

## II.  LEGAL DISCUSSION

The Defendant moved for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. Rule 29 of the Federal Rules of Criminal Procedure provides for the entry of a judgment of acquittal by the court if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(c).

The Eleventh Circuit Court of Appeals has explained:

> In considering a motion for the entry of judgment of acquittal under Federal Rule of Criminal Procedure 29(c), a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction. The district court must view the evidence in the light most favorable to the government. The court must resolve any conflicts in the evidence in favor of the government, and must accept all reasonable inferences that tend to support the government's case. The court must ascertain whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. It is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence. The court must accept all of the jury's reasonable inferences and credibility determinations.

United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999) (internal citations and quotation marks omitted).

The Defendant argues the Government's evidence was insufficient to demonstrate a critical element in both counts, namely his identification as the perpetrator. The Court concludes the testimony of the victim was more than sufficient to establish the identification of Walker as the perpetrator. The evidence clearly established that the victim knew Walker by their daily interactions at the convenience store and recognized Walker during the robbery. The victim recognized Walker's voice, gait, and demeanor during the robbery. He also recognized Walker's eyes when Walker stood just inches away during the robbery. The victim unequivocally testified that he recognized the perpetrator to be Walker based on their numerous previous interactions.

Further, the victim's testimony was supported by multiple camera angles showing the robbery. Suffice it to say the Court finds the evidence was overwhelming and was more than sufficient to sustain a verdict on the counts of Hobbs Act Robbery and using, carrying, or discharging a firearm during and in relation to a violent crime. The victim who testified at trial was honest, straightforward, intelligent, articulate, and unwavering in his identification of the Defendant as the robber and shooter at the convenience store. The Court denies the Defendant's renewed motion for judgment of acquittal.

The Defendant also moved for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. The Eleventh Circuit Court of Appeals has addressed the standard for Rule 33 motions:

> The decision to grant or deny a new trial motion based on the weight of the evidence is within the sound discretion of the trial court … While the district court's discretion is quite broad, there are limits to it. The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really exceptional cases. Applying these principles, courts have granted new trial motions based on weight of the evidence only where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies.

United States v. Martinez, 763 F.2d 1297, 1312-13 (11th Cir. 1985) (internal citations and quotation marks omitted). In addressing a motion under Rule 33, a district court "may weigh the evidence and consider the credibility of the witnesses." Id. at 1312.

The Defendant argues the jury's verdict was contrary to the great weight of the evidence. In this case, the Government's witnesses were credible and were not impeached. In particular, the Court finds that the victim's testimony was highly credible. The Government's case was not marked by any uncertainties or discrepancies. The Court concludes the trial evidence, including

the victim's testimony and video footage discussed above, is more than sufficient to strongly support the verdict rendered by the jury. The Court denies the Defendant's motion for a new trial.

## III.   CONCLUSION

The Court has carefully considered the entire record, the parties' briefs, and relevant case law.  The Defendant's motions (Doc. No. 84) are **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of January, 2026.

                                              */s/  Daniel L. Hovland*
                                              Daniel L. Hovland, District Judge
                                              United States District Court